# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 20, 2025

```
* * * * * * * * * * * * *
RAFAEL GARCIA,            *
                          *
           Petitioner,    *        No. 21-2018V
                          *
       v.                 *        Special Master Gowen
                          *
SECRETARY OF HEALTH       *
AND HUMAN SERVICES,       *
                          *
           Respondent.    *
* * * * * * * * * * * * *
```

*Michael Adly Baseluos*, Baseluos Law Firm, PLLC, San Antonio, TX, for petitioner.
*Lynn Christina Schlie*, U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 13, 2024, Rafael Garcia ("petitioner"), filed a motion for Final Attorneys' Fees and Costs, requesting a total of $191,496.16. Mtn. for Attorney Fees and Costs ("Fees App.") (ECF No. 82). For the reasons discussed below, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and award a total of **$183,616.46**.

## I.     Procedural History

On October 13, 2021, petitioner filed petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] *See* Petition (ECF No. 1). Petitioner alleged that he suffered from Acute Transverse Myelitis, as a result of the Menactra vaccine he received on May 25, 2019.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petition at Preamble. The claim was resolved by Stipulation, and a Decision on Stipulation was entered on September 9, 2024. *See* Decision on Stipulation (ECF No. 78).

Petitioner filed the instant motion for attorneys' fees on September 13, 2024 with the supporting documentation. Respondent filed his response on September 23, 2024 stating that "respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp. to Fees App. at 2, 5. (ECF No. 83).

The matter is now ripe for adjudication.

## II.     Entitlement to Attorneys' Fees and Costs

### a.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  The instant case was resolved by stipulation, and, thus, petitioner claim resulted in compensation. Therefore, petitioner is entitled to reasonable attorneys' fees and costs.

## III.    Reasonable Attorneys' Fees and Costs

### a.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d

1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### b. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner requests a total of $88,671.00 in attorneys' fees for work done by his attorney Michael Baseluos and $5,285 for work performed by paralegal, Shanillis Ortiz, at sister law firm Carlson Law Firm, for a total of $93,956 in attorneys fees. Fees App. at 3-4. Petitioner requests the following rates for the work of his counsel: $315 per hour for work performed in 2019; $335 per hour for work performed in 2020; $350 per hour for work performed in 2021; $375 per hour for work performed in 2022; $400 per hour for work performed in 2023; and $450 per hour for work performed in 2024. *Id.* at 4. Petitioner also requests the following rates for paralegal tasks performed by Mr. Baseluos: $150 per hour for work performed from 2019 through 2021 and $175 per hour for work performed from 2022 through 2024. *Id.*

These rates are consistent with the Forum Hourly Rate Fee Schedules and are consistent with what has been awarded to Mr. Baseluos in each respective year. Petitioner also requests fees for work performed by paralegal, Shanillis Ortiz, who works for sister law firm, Carlson Law Firm. Fees App at 4. The requested rate for work performed by Ms. Ortiz is $175 per hour. *Id.* The requested rates are consistent with the Forum Hourly Rate Fee Schedules and are consistent with what has been awarded previously. Thus, I find all requested rates to be reasonable for the work performed in this case.

### c. Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program

special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

After review of the submitted billing statement, I find that the overall hours spent on this matter are reasonable. The entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally* Int. Mot. Ex. B. Respondent has also not identified any particular entries as objectionable. *See* Resp't Resp. to Int. Mot. **Therefore, petitioner is entitled to $88,671.00 in attorneys' fees for work performed by his attorney, Mr. Baseluos and $5,285.00 for work performed by paralegal Ms. Ortiz at Carlson Law Firm, for a total of $93,956.00 in attorneys' fees.**

d. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $615.85 in costs for Baseluos Law Firm, exclusive of expert reports. This amount includes filing fees, medical records, mailing costs, and the cost of petitioner's treating PA writing a letter in support of causation. All of these costs are typical in the Vaccine Program, and I find them to be reasonable. Petitioner also requests reimbursement of $1,664.61 in costs expended by the Carlson Firm, including $1604.27 to obtain medical and billing records, and the remaining in mailing costs. Again, both of these costs are typical in the Vaccine Program, and I find them to be reasonable. Thus, **petitioner is entitled to $615.85 in costs for Mr. Baseluos and $1,664.61 in costs for the Carlson Law Firm.**

Petitioner requests a total of $95,260.00 in expert fees, including $77,660.00 in fees for Dr. Akbari and $17,600.00 for Dr. Jeret. Fees App. at 7. Petitioner requests a rate of $550 per hour for both experts for work performed in 2023 and 2024. As to the requested hourly rates, petitioner cited to cases in 2024 where Dr. Akbari was awarded $550 per hour. However, Dr. Akbari was only awarded $500 per hour in 2023. Since retrospective increases in hourly rates are not typically allowed in the Vaccine Program, I award Dr. Akbari $500 per hour for work performed in 2023 and $550 per hour for work performed in 2024. Dr. Jeret was similarly awarded $500 per hour for work performed in 2023 and 2024. While I might consider increasing his rate to $550 per hour for work performed in 2025, retrospective increases in hourly rates are not allowed. Thus, I award Dr. Jeret $500 per hour for work performed in 2023 and 2024.

Both Dr. Akbari and Dr. Jeret's billing statement are reasonable and adequately describe the work they performed. Dr. Jeret submitted one expert report in this case, and billed a total of 32 hours, including reviewing records, research, discussing the case with petitioner's counsel, and drafting his expert report. Thus, I award a total of $16,000.00 in expert costs for Dr. Jeret, taking into account the decreased hourly rate, as explained above. Dr. Akbari billed 125.6 hours in 2023 and 15.6 hours in 2024. Based on the rates described above, I award a total of $71,380.00 in costs for work performed by Dr. Akbari. **Thus, I award a total of $87,380 in expert costs.**

## IV.     Conclusion

In accordance with the above, petitioner's motion for final attorneys' fees and costs is hereby **GRANTED. Accordingly, I award the following:**

1) **A lump sum in the amount of $183,616.46, representing reimbursement for attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account including fees and costs for the Carlson Firm for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).